## In the Orphans' Court of Philadelphia.

### Estate of MARIA ABERCROMBIE, deceased.

Claims for services as a nurse of a decedent will not be allowed when there is no evidence of a contract, but it appears that the service rendered was a matter of pure charity on the part of the claimant.

**Sur Exceptions to Auditor's Report.**

Opinion delivered Feb. 5, 1875, by

HANNA, J.    Exceptions have been filed to the report of the auditor on behalf of certain legatees. As they relate to the same subject they will be considered together.

A claim was presented before the auditor for nursing and attendance upon the decedent, during the year preceeding her death.

The auditor very properly declined to allow the entire amount claimed, but awarded payment for the period of six months prior to the death of the decedent.

The award forms the subject of the exceptions.

In regard to the claim made, the auditor finds "that Mrs. Abercrombie boarded with Mrs. Vieira for several years immediately prior to her death, and died at her house ; that she was quite an aged lady ; about eighty-four years of age ; that she was infirm and always blind. That during the last six months of her life she could not go out without an attendant, and that she needed almost constant care and attention, and part of the time she required nursing at night as well as during the day.    To use the language of one of the witnesses, she was almost like a child.    The auditor further finds that decedent had no nurse but Mrs. Vieira, and that decedent said to some of the witnesses that Mrs. Vieira was to be remunerated for her kindness and services."

The exceptants alleging by affidavit that the auditor had made a mistake in his finding of the facts, obtained a rule to show cause why all testimony taken before him should not be returned.    The rule was made absolute, and the entire testimony is now before us.    While it is true the decedent had reached more than four score years, was to some extent infirm, and her sight impaired, yet she was remarkably active ; was able to leave her room for meals, except during her last illness, and until six

weeks before her death, was in the habit, accompanied by an attendant, of visiting her friends, and dining and supping at their houses. The auditor, has, we think, misapprehended the testimony on the part of the legatees. The evidence in regard to the extent, nature and value of the services rendered by the claimant, is meagre and unsatisfactory. The witnesses had no personal knowledge of the decedent, for two or three months before her death.

That claimant, and perhaps members of her family, rendered kind and considerate attentions to this aged lady, is undoubted, and in view of all the circumstances, not unnatural. But there is no evidence these kindnesses were extended or received with any expectation of pecuniary compensation therefor. We think it may therefore be safely presumed they naturally flowed from the long acquaintance and mutual friendship of the parties.

Although the decedent stated that Mrs. Vieira should be paid for her services, yet it does not appear when this statement was made, nor that it was communicated to the claimant, nor in consequence thereof, that she at any time rendered any services to the decedent. And in connection with this remark of the decedent, she had at the time, so far as the contrary appears, executed her will, whereby she bequeathed legacies to both claimant and her daughter, no doubt, in recognition of their kindness of her.

In Estate of Margaret W. Wilson, 8 Philadelphia Reps. 180, it was decided by this court, that a claim for board of a decedent will not be allowed where there is no evidence of a contract, but it appears the service rendered was a matter of pure charity on the part of the claimant. Paxson, J. remarks, "that which was originally a charity cannot be turned into a contract subsequently, merely because there happens to be a small fund from which compensation may be made."

In the case before us, the decedent, a widow, without any relative relative residing with her, had boarded with the claimant for nine years before her death, furnished her own room and fuel, paid her board at the rate of fifty dollars per month, in advance, was in unusual good health for a person of her extreme age, and did not need the constant care and attention a confirmed invalid would require, until her last illness. In view of these facts it cannot be permitted, after her death, that all the acts of kindness, and considerate attention to her personal comfort, for either a year or six months prior to her death, can be *lumped together*, and made the foundation of a charge for nursing and attendance, at a rate for which she could have procured the unremitting services of a professional nurse. It appears from the testimony, that decedent during her last illness needed the attendance of a nurse, and permitted the claimant to act in that capacity. She was possessed of sufficient means to enable

her to employ a stranger, but she neglected to do so, or probably pre-ferred to be attended by Mrs. Vieira. In that case, the principle laid down in Smith vs. Milligan, 7 Wright, 107, would apply, that "where services are rendered by one to another, the law presumes a promise on the part of him who receives them to pay what they are reasonably worth, but this implication is rebutted by any proof that shows an inten-tion to give and receive without compensation." And this implication is also rebutted by an intimate relationship of the claimant and decedent: Lynn vs. Lynn, 5 Casey, 369: Smith vs. Milligan, supra; Armstrong's Estate, 26 Legal Intelligencer, 300, and many subsequent cases.

Here there was no relationship between the claimant and decedent, and no obligation upon the former to render any services whatever. In consideration of all the circumstances, we think the claimant entitled to compensation for her attendance upon the decedent during her last ill-ness, a period of one month, at the rate fixed by the auditor, and from what was stated upon the argument, we do not doubt if her claim had been originally presented in this form, it would not have been ob-jected to.

For the reasons stated, we sustain the exceptions, and recommit the report to the auditor, with instructions to allow and award to Mrs. Vieira the sum of $32, for her services to testatrix, and distribute the balance according to the provisions of the will.